UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 4:17-CR-672 |
| MATTHEW JUSTIN MITCHELL | |

## PLEA AGREEMENT

The United States of America, by and through Abe Martinez, Acting United States Attorney for the Southern District of Texas, and Justin R. Martin, Assistant United States Attorney, and the defendant, Matthew Justin Mitchell ("Defendant"), and Richard Kuniansky, attorney for Defendant, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Information. Count One charges Defendant with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment proved to a jury and proven beyond a reasonable doubt.

### Statutory Penalties

2. The statutory maximum penalty for each violation of 18 U.S.C. § 371, is a term of imprisonment of not more than 5 years, *see* 18 U.S.C. § 371, and a fine of not more than $250,000. *See* 18 U.S.C. § 3571. Additionally, Defendant may receive a term of supervised release after imprisonment of not more than 3 years. *See* 18 U.S.C. §§ 3559(a), 3583(b). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the

entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* 18 U.S.C. § 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment of $100.00 per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Sentencing Guidelines

4. The parties agree that the amount of loss attributable to the defendant pursuant to U.S.S.G. § 2B1.1(b)(1) is $63,386.

## Immigration Consequences

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## The United States' Agreements

6. The United States agrees that if Defendant pleads guilty to Count One of the Information and persists in that plea through sentencing, and if the Court accepts this plea

agreement, the United States will move to dismiss any remaining counts of the Information at the time of sentencing.

7. At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines.

8. If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines and Defendant's offense level is 16 or greater, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense.

9. The United States agrees to recommend a sentence at the low end of the correctly calculated Sentencing Guideline level.

**Agreement Binding - Southern District of Texas Only**

10. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

a. to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

b. to set forth or dispute sentencing factors or facts material to sentencing;

c. to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

d. to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(a); and

e. to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of 18 U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run

consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

13. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

    a. If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

    b. At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

    c. At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

15. During tax years 2010 through 2012, Thomas E. Johnson, Jerome E. Rivera, and Matthew J. Mitchell owned and operated several sports bars using the brand name On the Rox.

5

Each On the Rox location was owned by a separate corporate entity. The ownership percentages of each On the Rox varied by location, and are described in the following chart:

| On the Rox Location | Johnson Ownership % | Rivera Ownership % | Mitchell Ownership % |
|---|---|---|---|
| 9507 Jones Rd., Houston, TX | 100% | 0% | 0% |
| 13845 Cypress N. Houston Rd., Houston, TX | 34% | 33% | 33% |
| 9803 Spring Cypress Rd., Houston, TX | 51% | 49% | 0% |
| 592 Sawdust Rd., Houston, TX | 34% | 33% | 33% |

16. Johnson, Rivera, and Mitchell used QuickBooks to maintain records of the business sales of each On the Rox location. In addition, each On the Rox location contained vending machines, including pool tables, dart boards, juke boxes, and 8-liner slot machines, that collected revenue from customers in the form of cash. However, the revenue generated from these machines ("the vending income") was not included in the QuickBooks records. Rather, Johnson, Rivera, and Mitchell maintained a separate set of records for the vending income generated by each On the Rox location. Johnson, Rivera, Mitchell were each aware of and agreed to maintain the separate set of records as part of their agreement to defraud the United States. Furthermore, Johnson, Rivera, and Mitchell divided the vending income from each location between themselves according to its ownership percentage. Each owner's share of the vending income was distributed in the form of cash, which was also a part of, and in furtherance of, the agreement to defraud the United States.

17. Also in furtherance of the conspiracy, defendant Mitchell failed to include this income on tax returns filed with the IRS. 15. On or about May 9, 2011, Mitchell filed a Form 1040 with the IRS for tax year 2010 that failed to include his share of the vending income.

18. Mitchell's share of the vending income, which he failed to report to the IRS, for tax years 2010, 2011, and 2012 was $276,806. Mitchell's failure to pay taxes on this income resulted in a tax loss to the United States of $63,386.

## Breach of Plea Agreement

19. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution and Fines – Generally

20. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest.

21. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the

United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

22. In the event that the Court issues an order for restitution or fines, Defendant agrees to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

23. Defendant understands that restitution and fines are separate components of sentencing and are separate obligations.

**Restitution**

24. The parties agree that on or about October 11, 2017, Defendant paid the IRS $63,386, which represents the full amount of restitution Defendant owed. Accordingly, the parties agree that no further restitution should be imposed by the Court. Nevertheless, Defendant understands and agrees that the Court will determine the amount of restitution necessary to compensate the victim fully at the time of sentencing. Defendant agrees that any restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.

25. Defendant also understands that the IRS will pursue a civil assessment pursuant to 26 U.S.C. § 6201(a)(4). Defendant agrees to make a complete and accurate financial disclosure to

the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office.

## Fines

26.     Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.

## Complete Agreement

27.     This written plea agreement, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

29. Any modification of this plea agreement must be in writing and signed by all parties.

Filed in Houston, Texas, on December 8, 2017.

_____
Matthew Justin Mitchell
Defendant

Subscribed and sworn to before me on December 8, 2017

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

_____
Deputy United States District Clerk

APPROVED:

Abe Martinez
Acting United States Attorney

_____
Justin R. Martin
Assistant United States Attorney
Southern District of Texas

_____
Richard Kuniansky
Attorney for Defendant

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 4:17-CR-672 |
| MATTHEW JUSTIN MITCHELL | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____     _____
Attorney for Defendant              Date

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     _____
Defendant                                   Date